IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED LAWRENCE ROBERTSON, | § | |
| TDCJ-CID NO. 1175868, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-1075 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Ted Lawrence Robertson, an inmate incarcerated in the Texas Department of
Criminal Justice--Correctional Institutions Division ("TDCJ- CID"), filed a petition for a writ of
habeas corpus under 28 U.S.C. § 2254 challenging his underlying felony conviction of violation of
a protective order. (Docket Entry No.1). Respondent filed a motion for summary judgment (Docket
Entry No.19), to which petitioner has filed a response (Docket Entry No.23) and a supplemental
response.  (Docket Entry No.25).  Petitioner has also filed three motions for summary judgment
(Docket Entries No.8, No.15, No.20) and a supplement to the third motion for summary judgment.
(Docket Entry No.22).  The Court denied the first summary judgment motion because it was
premature.  (Docket Entry No.11).  The other two motions are pending.  Petitioner has also filed
numerous other motions.  After considering all the pleadings, motions, and the entire record, the
Court will dismiss this petition for failure to exhaust state remedies.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted for the felony offense of violation of a protective order in cause
number 940376 in the 174th Criminal District Court of Harris County, Texas. (Docket Entry No.17,
page 53). The charge was enhanced by two prior convictions.  (*Id.*).  Petitioner entered a plea of not
guilty to the charge.  (Docket Entry No.1).

At trial in state district court, the jury heard the following evidence, as summarized by the

First Court of Appeals for the State of Texas:

> Appellant and the complainant had been married for 19 years when they divorced in
> 1997. The marriage produced two sons. After the divorce, in 2001, the complainant
> obtained a protective order against appellant. The protective order forbade appellant
> from: (1) committing family violence against the complainant; (2) threatening or
> harassing the complainant directly or through another person; (3) going near or to the
> complainant's home or office; and (4) engaging in conduct that would be likely to
> harass, abuse, annoy, alarm, torment, or embarrass the complainant. The protective
> order warned appellant that a violation could result in a fine, confinement in jail, or
> both.
>
> The complainant testified that, in March 2002, Tracey Robertson, appellant's and the
> complainant's youngest son, telephoned his father to tell him about an argument he
> had with his basketball coach. Appellant went to the complainant's home, where
> Tracey was living. Appellant announced his arrival by yelling and beating on the
> front door. The complainant opened her front door, but kept her burglar bar door,
> which had fairly large gaps in between the bars, closed. Appellant, who had a box-
> cutter knife in his hand, yelled obscenities and ordered the complainant to come
> outside. The complainant was afraid and refused; she told him to leave or she would
> call the police. Appellant told her that he would "get her" and that he was coming
> back. Eventually, the complainant closed the front door and appellant left. Tracey
> Robertson testified that he saw his parents argue, but did not see a knife.
>
> The complainant called the police after appellant left. The Houston police officer
> who responded to her call testified that the complainant's eyes were wet, and that she
> seemed very nervous, upset, and afraid. He testified that she spoke with a shaky
> voice when she told him what appellant had done.

*Robertson v. State*, 175 S.W.3d 359, 361 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). The jury

found petitioner guilty and the two enhancement paragraphs true and assessed punishment at twenty-

five years confinement in TDCJ-CID. (Docket Entry No.17, page 55). On appeal, petitioner

challenged his conviction on grounds that the evidence was legally and factually insufficient to

support his conviction because the State did not establish that he (1) threatened the complainant with

imminent bodily injury and (2) used or exhibited a deadly weapon. *Robertson*, 175 S.W.3d at 361.

The First Court of Appeals for the State of Texas affirmed the judgment of the state district court

and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Id.*

Petitioner filed two state habeas applications challenging his conviction, but both were dismissed by the Texas Court of Criminal Appeals because a direct appeal was pending. *Ex parte Robertson*, No.29-520-04 at cover; *Ex parte Robertson*, No.29-520-05 at cover. In his third state habeas application, petitioner complained that TDCJ-CID treated his felony offense as an aggravated offense even though the jury did not make a deadly weapon finding. *Ex parte Robertson*, No.29,520-07 (Docket Entry No.17, pages 19, 24). The Texas Court of Criminal Appeals denied petitioner's habeas application without written order on June 14, 2006. *Ex parte Robertson*, No.29,520-07 at cover (Docket Entry No.17, page 9).

Petitioner's first three federal habeas petitions were dismissed without prejudice because he had not exhausted his state remedies. *Robertson v. Johnson*, Civil Action No.4:03-cv-3681 (S.D. Tex. Aug. 31, 2005); *Robertson v. Johnson*, Civil Action No.4:04-cv-850 (S.D. Tex. July 12, 2004); *Robertson v. Dretke*, Civil Action No.4:05-cv-1028 (S.D. Tex. Sept. 1, 2005). Petitioner filed the pending petition and supporting memorandum on March 29, 2006. (Docket Entry No.1). He seeks federal habeas relief on the following grounds:

1.   He was denied due process and equal protection of the law because the evidence was legally and factually insufficient to support his conviction; there was a variance between the indictment and the proof admitted at trial;

2.   The evidence was legally and factually insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that petitioner violated a protective order by assaulting complainant or threatening her with imminent bodily injury, and by using or exhibiting a deadly weapon; and,

3.   He was denied due process because the evidence was legally and factually insufficient to show that he violated a valid protective order. The protective order that was admitted into evidence at trial was void.

(Docket Entry No.1).

In his pending motions for summary judgment, petitioner challenges the validity of the protective order that he was convicted of violating. (Docket Entries No.15, No.20, No.22). He

3

requests an evidentiary hearing on the same grounds.  (Docket Entries No.22, No.23, No.24, No.28).

Respondent does not address petitioner's insufficiency-of-the evidence challenge to the validity of the protective order; respondent seeks summary judgment on petitioner's other insufficiency claims.  (Docket Entry No.19).  Because the Court disposes of petitioner's federal habeas action on the grounds to follow, the Court declines to address the merits of respondent's motion.

<u>EVIDENTIARY HEARING AND EXHAUSTION OF REMEDIES</u>

Petitioner maintains the evidence is insufficient to support his conviction for violation of a protective order because the protective order upon which he was convicted and the default judgment entered against him at the hearing on the motion for a protective order are null and void.  (Docket Entries No.1, No.15, No.20, No.22, No.23, No.24, No.28).  He seeks an evidentiary hearing on the validity of the protective order and default judgment.  (Docket Entries No.22, No.23, No.24, No.28).

Because petitioner filed his federal habeas petition on March 29, 2006, his claims are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Accordingly, his requests for an evidentiary hearing must be evaluated under 28 U.S.C. § 2254 (e)(2), which provides, in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence, and,
>
> (B) the facts underlying the claim would be sufficient to establish by clear and

4

convincing evidence that but for constitutional error, no reasonable factfinder would
have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).
These exceptions are applicable only where the failure to develop the factual basis
is the result of a decision or omission of the petitioner himself.

*Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000).

Petitioner's claims are not derived from any new rule of law from the Supreme Court and
are not based on new, previously undiscoverable facts, which establish his innocence of the crime.
The Court takes judicial notice of the Reporter's Record previously filed in *Robertson v. Dretke*,
Civil Action No.4:05-cv-1028 (S.D. Tex. Sept. 1, 2005) (Docket Entry No.24, Parts 43-47).  Such
record reflects that all of the evidence upon which petitioner relies to support his claims regarding
the default judgment and protective order were available before, and were presented and argued at
trial.  *Id.*  Petitioner does not contend that he failed to develop the factual basis of his claims in state
court; instead, he complains that the state district court did not adjudicate his collateral attack on the
default judgment and protective order at trial.

Even if petitioner could show that these claims were not developed at trial as required by §
2254(e)(2), he fails to show the necessity of an evidentiary hearing to determine the validity of the
protective order.  The record reflects that a default judgment was entered and a protective order was
issued on August 15, 2001 in cause number 2001-35725 in the 309th State District Court of Harris
County, Texas.  *Robertson*, Civil Action No.4:05-cv-1028, Docket Entry No.24, Part 25, pages 11-
15.  Petitioner filed a direct appeal challenging the default judgment and protective order.  *Id.*, pages
2-10.  The appeal was dismissed for want of prosecution on May 13, 2004.  *Robertson v. Emanual*,
No.14-03-01083-CV, 2004 WL 36041 (Tex. App.–Houston [14th Dist]. 2004, no pet.) (not
designated for publication).  The record does not show that petitioner has challenged the default
judgment and protective order by a restricted appeal or equitable bill of review in state court.  *See
In re Barber*, 982 S.W.2d 364, 368 (Tex. 1998) (noting that "after the time for regular appeal has

run, a default judgment may be attacked only by restricted appeal or equitable bill of review").

More importantly, the record does not show that petitioner has challenged his conviction in state

court on the ground that the evidence was legally insufficient to prove he violated the protective

order because he never received actual notice of the hearing, the order, or its requirements.  Because

petitioner has not sought relief from the default judgment and the protective order in state court and

has not raised a sufficiency challenge on the invalidity of the same in state court, he has failed to

exhaust his state court remedies with respect to this insufficiency-of-the-evidence claim in the

pending action.  It follows that petitioner has presented a mixed petition containing both exhausted

and unexhausted claims.  *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose*

*v. Lundy*, 455 U.S. 509, 510 (1982)); *see also Pliler v. Ford*, 542 U.S. 225 (2004).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he

may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  "The

purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but

to channel claims into an appropriate forum, where meritorious claims may be vindicated and

unfounded litigation obviated before resort to federal court.'"  *Ruiz v. Quarterman*, 460 F.3d 638,

642 -643 (5th Cir. 2006) (quoting *Keeney v.Tamayo-Reyes*, 504 U.S. 1, 10 (1992)).  To exhaust a

claim, the petitioner must have presented the state court system with a claim alleging the same facts

and legal theory upon which the petitioner bases his current assertions.  *Id.*, 460 F.3d at 643.  "'[I]t

is not enough ... that a somewhat similar state-law claim was made.'"  *Id.* quoting *Wilder v.*

*Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).  "An argument based on a legal theory distinct from

that relied upon in the state court does not meet the exhaustion requirement."  *Id.*  AEDPA excuses

these requirements only if the petitioner shows "(i) there is an absence of available state remedies

in the courts of the State, or (ii) circumstances exist that render such processes ineffective to protect

the rights of the applicant."  Petitioner has shown neither.

The pending action is not petitioner's first attempt to present an unexhausted claim regarding the validity of the protective order in federal court.  Petitioner challenged the same in Civil Action No.4:05-cv-1028.  In its Memorandum Opinion and Order dismissing the petition, this Court informed petitioner that he "must give the state courts a chance to address the issues before he presents them in federal court."  *Robertson,* Civil Action No.4:05-cv-1028 at Docket Entry No.25, page 5.  Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's sufficiency-of-the-evidence claim challenging the validity of the default judgment and protective order, his petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district

7

court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling.  Therefore, a certificate of appealability from this decision will not issue.

CONCLUSION

The Court ORDERS the following:

1.       This action is DISMISSED, without prejudice for failure to exhaust state remedies.

2.       A certificate of appealability is DENIED.

3.       All other pending motions are DENIED.

The Clerk shall provide a copy to the parties.

SIGNED at Houston, Texas, this 5th day of March, 2007.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE